IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL T. HORTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:20-cv-00077 ) ) JUDGE RICHARDSON |
| WARDEN WASHBURN, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Michael T. Horton, an inmate currently confined at the Southwest Virginia Regional Jail in Duffield, Virginia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of confinement at his former place of confinement, Trousdale Turner Correctional Center.[1] (Doc. No. 2.) Plaintiff also filed an application to proceed in District Court without prepaying fees and costs. (Doc. No. 1.) The Complaint is before the Court for an initial screening, as required by the Prison Litigation Reform Act ("PLRA").

**I.      Application to Proceed as a Pauper**

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper (Doc. No. 1) and certified inmate trust account statement (Doc. No. 1-1) reflect that he is unable to pay the full filing fee in advance. Accordingly, the application (Doc. No. 1) will be granted and the $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

---

[1] Plaintiff initially filed this action in the Eastern District of Tennessee, and that Court transferred the case here. (Doc. Nos. 4 and 5.)

## II. Initial Review

Under the PLRA, the Court must review and dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915A. The Court must construe a *pro se* complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and accept the factual allegations as true unless they are entirely without credibility. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

Plaintiff alleges that he was previously confined at Trousdale Turner Correctional Center, though he does not specify when. (Doc. No. 2 at 4.) At Trousdale Turner, Plaintiff was "exposed to black mold, violence, and gang activity." (*Id.*) As a result of being "forced to fight many times," Plaintiff's wrist was broken twice, his hand had "boxer's fractures," and his right shoulder was "popped out" of the socket. (*Id.*) Plaintiff's sick call request was ignored, so he had to "pop [his] shoulder back in place [his]self." (*Id.*) As a result of exposure to black mold, Plaintiff has breathing problems, dizzy spells, and headaches. (*Id.*) Plaintiff also alleges that he experienced leaking toilets and sinks, as well as cell doors that would not lock. (*Id.* at 5.)

At some point, Plaintiff filed a grievance, and Trousdale Turner staff "sent [him] to [his] detainer." (*Id.* at 4.) Plaintiff's complaints to unnamed corrections officers also "did no good." (*Id.*) Plaintiff asserts that he suffered violations of his civil rights "because of skin color and lack of money." (*Id.*) He requests monetary damages. (*Id.* at 5.)

### B. Standard of Review

To determine whether a Complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the Court applies the same standard as under Rule

2

12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle*, 429 U.S. at 106).

### C. Discussion

"There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

Here, Plaintiff names two Defendants: Warden Washburn and the Tennessee Department of Corrections ("TDOC"). As to the TDOC, it "is not a 'person' within the meaning of [Section] 1983, and is therefore not a proper defendant." *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). The TDOC will thus be dismissed as a party. It is true that TDOC is properly viewed as the State of Tennessee for purposes of Section 1983, but Plaintiff's claim could not survive with TDOC merely recast as the State, because the State likewise is not a proper defendant in a Section 1983 action. *See id.*

(citing *Will,* Tenn. Code Ann. § 4–3–101 (2006), and *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir.2003)).

Next, as to Warden Washburn, Plaintiff does not make any specific allegations against him in the body of the Complaint. To the extent that Plaintiff seeks to hold Washburn personally liable based on his supervisor position, "Section 1983 liability must be premised on more than . . . the right to control one's employees." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). A claim against a supervisor "must fail . . . unless 'the supervisor encouraged [a] specific incident of misconduct or in some other way directly participated in it.'" *Cardinal v. Metrish*, 564 F.3d 794, 802–03 (6th Cir. 2009) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002)). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* at 803 (quoting *Combs*, 315 F.3d at 558).

Here, Plaintiff does not make any factual allegations against Warden Washburn, much less allege that he directly participated in specific instances of unconstitutional conduct. Even under the liberal standards for *pro se* pleadings, "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under [Section] 1983." *Gilmore v. Corr. Corp. of. Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)). Accordingly, Plaintiff fails to state a claim against Warden Washburn.

### III. Conclusion

The Court understands why Plaintiff well might feel aggrieved by the situations with which he allegedly had to contend. These alleged circumstances are not trivial, and someone suffering through them well might wish to have a remedy. But in order to even possible obtain a remedy in

4

this Court, such a person must state a valid claim. Plaintiff has not done so. For the reasons set forth above, Plaintiff fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The Court thus will dismiss this action and certify that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed as a pauper on any appeal.

The Court will enter an appropriate Order.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE